Judge Wright
delivered the opinion of the court:
The first question raised by the defendant’s counsel seems to us to decide this cause, and to render it unnecessary for us to examine any other of the points made by the parties.
Our statute, 29 Ohio L. 234, authorizes the probate court to remove administrators for cause, and provides that when an administrator is removed, and another one is appointed in 1ns stead, the new administrator may immediately have his action against the removed administrator, and recover all assets received by him and not applied according to law, and all damages done by him to the estate while in his hands. The removal terminates the authority of the removed administrator over the assets received as well as those not received. An unsatisfied judgment is not assets received, the original debt, though merged in the judgment, remains due the estate. The right to receive the amount is in the new, not the old administrator, and he can not have a scire facias to aid him in executing the judgment.
The plaintiff’s counsel, however, insists that this recovery may have been for a debt due the individual described as administrator, ,.and not to the estate of his intestate. The scire facias recites a judgment recovered by Weaver & Crocket, administrators of the .estate of Pitcher. Apparently this recovery is by the plaintiffs in their fiduciary character. The plea alleges that the judgment was '.recovered by the plaintiffs in their capacity as administrators. 'This the demurrer admits. The character of the recovery must ■be taken as true for all purposes connected with our present in•quiry '; so that the broad question is open, whether the right of an administrator to recover assets not reduced to possession, continues after the revocation of his letters. We are clearly of opinion, that his authority is put an end to by the revocation of his letters.
Objections are made to the form of the writ. It is insisted that in a scire facias to revive a dormant judgment, it is necessary to aver that no execution has been issued for a period of five years or more. The scire facias sets forth the date of the judgment, and that execution thereof remains to be made. No execution is, or 421] need be recited. An averment *that five years and one month had elapsed between the date of the judgment set out, and *427 the date of the writ, would seem.to be superfluous. As both dates appear, the court will take notice whether it is more than five years between them, and if so, the right to revive is shown, unless the defendant shall, in showing cause by plea or otherwise, set up the fact that execution has issued within five years. I allude to this objection, because it was urged that the form in Wilcox had been followed and was bad ; and that it was held bad by the profession in this part of the state. We think it good.
The plaintiffs ask leave to withdraw their demurrer, and to reply or amend. They may take leave to amend on paying all the costs since the return of the writ, or to reply on paying those arising since filing the demurrer..